## Carlo Quairoli et al.

### *v.*

## The Italian Beneficial Society of Vineland.

### [Filed November 21st, 1902.]

1. Where a bill prays that a resulting trust may be declared, but shows that the defendant (the holder of the legal title) had, to the knowledge of the complainants, held possession of the property for about twenty years, and had, during that time, asserted its own right and continuously refused to recognize the rights of the complainants, or to permit them to use the property, during all which time no suit was brought to declare or enforce the alleged trust, no reason being shown for the delay, the bill of complaint will, on a motion under the two hundred and thirteenth rule, be dismissed for laches.

2. The bill prays that the alleged trust property may be conveyed to a corporation named as complainant in the bill, to hold as trustee for the purposes of the alleged trust. It is not alleged that this corporation either has or could have any interest in the property, nor is there any showing that it has any corporate power to execute the alleged trust. It cannot be held to be a proper party to such a suit.

3. Where a bill to declare and enforce a resulting trust alleges that complainants contributed, in work and materials, the amount which resulted in the construction of a two-story brick school-house, it may be fairly inferred that the sum so contributed exceeded $50, the minimum limit of value of which this court will entertain jurisdiction.

4. Where the title to property was conveyed to defendant to hold subject to the direction of "complainants and the Italian colony," and to convey to such persons as they might designate, no reason being shown why the Italian colony is not made a party, the complainants alone cannot maintain a bill to enforce such a trust.

On bill to declare and enforce a trust, &c. On motion to dismiss, &c.

The defendant company, under rule 213, moves to dismiss the whole bill of complaint, because of several enumerated defects, claimed to be apparent on its face, or to strike out certain objectionable parts of it.

The bill is filed by a number of individual complainants and by the Italian Beneficial and Educational Association of Vineland, New Jersey, a corporation of this state, against the Italian Beneficial Society of Vineland, which is also a corporation of this state, defendant.

The bill alleges that in 1878 the complainants associated themselves with other natives of Italy residing near Vineland for the purpose of providing better instruction and educational advantages for themselves and their children by establishing schools in Vineland; that they procured subscriptions and contributions of work and material to erect a two-story brick school-house and furnish it with supplies to establish a school on a lot offered to them by Mr. Charles K. Landis.

That at that time there existed in Vineland a society known as the Italian Beneficial Society of Vineland, incorporated in this state (the defendant company), and that the complainants, who were generally known as the Italian colony of Vineland, were not incorporated, and therefore could not take title to the land offered to them by Mr. Landis; that the beneficial society (now defendant) was selected, as trustee, to take title to the lot of land, upon terms stated in the bill to have been as follows:

"Upon the express condition that they were to hold said lot of land as trustee for your orators, and further, that the school-house, or building thereon erected, was to be used for the education and instruction of Italian children and others in the Italian language, literature and history, and that said school-house or building was to be used for no other purpose than that of holding therein day, night and Sunday-school for the instruction of Italian children, as aforesaid; that said Italian Beneficial Society was to hold title to said lot of land and school-house subject to the direction and control of your orators, and the said Italian colony and said society was to convey, by good and sufficient conveyance in the law in said school-house and lot to whatsoever person or persons or corporation your orators and the said Italian colony might at any time name and appoint."

The bill further alleges that during the years of 1879, 1880, 1881 and 1882 the Italian Beneficial Society carried out the conditions upon which the legal title to the school-house and lot was conveyed to it, but that since the year 1882 that society has refused to permit the school-house lot to be used for the pur-

poses aforesaid, and has refused to make any conveyance thereof to the Italian Beneficial and Educational Association, and has rented the school building to the school authorities of Vineland, and has retained the rents for its own use, thereby depriving the complainants of their privilege to have instruction for their children under the terms and conditions of the donation of the land and the erection of the school-house thereon.

The bill states that the Italian Beneficial and Educational Association of Vineland, New Jersey, one of the complainants, was incorporated on the 1st day of April, 1901, by the complainants and other Italian residents of Vineland.

The prayer of the bill is—*first,* that the defendant, the Italian Beneficial Society, may be decreed to convey the school-house and lot of land in question to the Italian Beneficial and Educational Association of Vineland, New Jersey; or, *second,* to hold the premises in trust for the complainants, and subject to their direction and control; or, *third,* to establish schools in the school building for the education of Italians; or, *fourth,* that it may return the complainants' contributions, at a fair valuation of the amount of their donations of labor and material; or, *fifth,* that the defendant may be decreed to pay the complainants, in cash, a fair valuation for the lot of land in question.

The grounds upon which the defendant company gives notice and moves to strike out the whole bill are—*first,* because the bill shows on its face gross laches on the part of the complainants in seeking relief, and sets forth no reason for their delay; *second,* that it nowhere appears in the bill that the Italian Beneficial and Educational Association of Vineland has any interest in the subject-matter of the suit, or is entitled to any relief in the premises, or is, for any reason, a proper party complainant; *third,* because the bill does not show that the complainants, or any of them, contributed to the erection of the school building a sufficient amount to entitle them to any relief in this court.

The defendant further gives notice, and obects to particular parts of the bill of complaint, as follows: *First,* that nothing in the bill shows under what act of the legislature the Italian Beneficial and Educational Association of Vineland, New Jersey,

Quairoli *v.* Italian Beneficial Society.

was incorporated, or what its rights and privileges or objects are, and for this reason the first prayer for special relief is bad; *secondly,* that nothing in the bill is alleged which would justify the court in granting the second special prayer, to the effect that the premises should be held in trust for the complainants and subject to their control; *thirdly,* because the bill contains no allegation that the defendant corporation has ever received any fund for the purpose of establishing schools in the school building, and for this reason the third special prayer could not be granted; *fourthly,* because nothing in the bill shows any facts which would warrant the court in decreeing the return to the complainants of the amount of their alleged contributions in the erection of the school building as is asked in the fourth special prayer; *fifthly,* because the bill contains no allegation which would authorize the court to direct a payment to complainants, in cash, of a fair valuation of the land.

*Mr. Wheaton Berault* and *Mr. Howard Carrow,* for the complainants.

*Mr. Henry S. Alvord,* for the defendant.

GREY, V. C.

Those criticisms which challenge the bill as a whole will first be considered, for if they are found to be sufficient to dismiss it, the objections to specified portions of the bill need not be examined.

The bill shows on its face that whatever rights and privileges in the school-house and its lot the complainants allege themselves to have, they became possessed of between 1879 and 1882. These rights and privileges the bill defines with precision, and then alleges that since the year 1882 the defendant corporation has refused to permit the complainants to enjoy them. It appears, therefore, that for about twenty years the complainants have been aware of the refusal of their rights, and nothing appears on the face of the bill showing that during all that time any step has been taken to enforce those rights, nor is any reason

given for not seeking to enforce them. It is quite evident that if this bill is to be entertained as an effort to declare and enforce a resulting trust, parol testimony of contributions of labor and material, great in number and small in their several amounts, must be presented. The great lapse of time since the happening of these events will make it very difficult, if not impossible, to the defendant to meet testimony of this character by refuting proofs.

The period that has elapsed during which the defendant corporation has excluded the complainants from the enjoyment of the property to which they allege they are entitled may, under the allegations of the bill, have been nearly, or quite, twenty years. During all that time the bill alleges the complainants have, to their knowledge, been denied their rights. Such a situation of affairs, in which a trustee openly and expressly, and to the knowledge of the *cestuis que trustent,* disclaims and denies a trust, and excludes them from the trust property for so long a period, would go far to overthrow the trust if it were actually expressed in writing. It is much more unfavorable when the proceeding is one which seeks to have a resulting trust declared. *Midmer* v. *Midmer, 11 C. E. Gr. 305.*

Not a single explanatory circumstance is stated which might excuse the complainants' failure to assert their rights, if they had any. They were out of possession, and were denied their use of the property, and apparently acquiesced in this condition of affairs for about twenty years, and now ask this court to declare and impose a trust in their favor.

Laches such as this, appearing unexplained upon the face of the bill, may be taken advantage of by demurrer. *Story Eq. Pl. § 503; Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 384,* and cases there cited.

This objection goes to the whole bill, lies at the foundation of the complainants' case, and appears to be irremediable. For this reason the bill cannot be entertained.

The second criticism, that complainant (the Italian Beneficial and Educational Association of Vineland) is not shown, on the face of the bill, to have any interest in the subject-matter of the

Quairoli *v.* Italian Beneficial Society.

suit, or to be entitled to any relief in the premises, or to be, for any reason, a proper party complainant, is also a just objection to the bill. It is obvious that this corporation cannot have any interest in the school-house property, because of the incidents which are alleged to have resulted in the devotion of that property to school purposes, for these took place in the years from 1879 to 1882, and this corporation was not incorporated until 1901. If it is to be a party because, in case the complainants should be successful in establishing a trust, it might be the trustee who might be selected to carry the trust into effect, there still remains the objection that nothing in the bill of complaint shows that that association has any powers which would enable it to accept a conveyance such as the bill prays may be made to it.

As to the criticism that the bill does not, on its face, show that the complainants, or any of them, contributed to the erection of the school building sufficient values to entitle them to any relief in this court, it may be said, taking the allegations of the bill to be true, to the effect that the complainants contributed, in work, labor and materials, the amount which resulted in the construction of the building, a fair inference would lead the court to believe that the total sum was in excess of $50, the minimum limit of value of cases in which this court will entertain jurisdiction.

In addition to the general objections made by the defendant to the whole bill, there are other apparent defects, which would undoubtedly have to be noticed if the cause should go to a hearing. The most important of these is that the bill alleges, in precise terms, that the land is charged with an express trust, which is nowhere shown to be in writing. Such a trust is within the prohibitions of the third section of the statute of frauds. There is no allegation of fraud, accident, mistake or part performance, which might prevent the application of the statute, and the circumstances narrated make it extremely improbable that any such equitable excuses can be made.

It must, also, be noticed that the express trust set out in the bill distinctly alleges that the defendant company was to hold the title to the school-house and lot, subject to the direction and

control of the complainants and the Italian colony, and was to convey the school-house and lot to whatever person or corporation the complainants and the Italian colony might designate or appoint.

Assuming that there was, in fact, such an express trust, and that it was capable of being proved and enforced, it is difficult to see how the complainants can take proceedings to enforce it in their own exclusive favor. The Italian colony appears, in the particulars named, to be entitled to the benefits of the trust equally with the complainants. The Italian colony is not made a party in this cause, nor is there any explanatory allegation, on the face of the bill, showing any reason why the Italian colony is not made a party.

The bill of complaint appears to be radically defective upon the grounds of objection to the whole bill which are noticed by the defendant, and should be dismissed, with costs.